Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the deputy commissioner.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff.
3. Companion Property and Casualty Insurance Company is the carrier on the risk for this claim.
4. Plaintiff's average weekly wage was $430.00, yielding a compensation rate of $286.68.
 * * * * * * * * * * *
Based upon the competent and credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a thirty-four year old male who had completed the tenth grade. Plaintiff began working as a trim technician for defendant-employer on 7 February 1994.
2. Defendant-employer produces plastic bed liners for pick-up trucks. The bed liners are made from large plastic sheets, which are heated and pulled onto molds. After the liner was formed and cooled, it was pulled onto a table for trimming. The finished liner would be six to eight feet long and four to six feet wide.
3. Plaintiff helped pull the liner onto the table and clamp it down for trimming. Plaintiff then trimmed and smoothed the liner using a variety of tools including a skill saw, a sawzall, and a router. The excess plastic was trimmed off and rough edges were smoothed using planers and burn tools.
4. After two years on the trim team, plaintiff was promoted to team leader. Plaintiff's duties included overseeing the work of other employees and unloading and loading the liners. With the promotion, plaintiff performed less trim work. Plaintiff normally worked a forty hour week, but sometimes he worked overtime up to fifty or sixty hours per week.
5. Around late 1996, plaintiff began experiencing tingling and numbness in both hands with greater symptoms in his right hand. Plaintiff's symptoms gradually worsened, and in October 1997, he sought medical treatment. On 7 October 1997, plaintiff was examined by John Leonard, III, M.D., with Eastern Carolina Neurosurgical Associates, Inc.
6. Plaintiff was diagnosed with bilateral carpal tunnel syndrome on 14 October 1997. Dr. Leonard's diagnosis was based on his examination of plaintiff and on the results of the electrical studies conducted by Cindy Lopez, M.D., a neurologist. Based on plaintiff's description of his job duties, Dr. Leonard initially felt that plaintiff's bilateral carpal tunnel syndrome was related to the repetitive motion that he performed at work.
7. The parties prepared a videotape of plaintiff's job which was shown to Dr. Leonard during his deposition. After reviewing the videotape, Dr. Leonard could not state to a reasonable degree of medical certainty that plaintiff's job with defendant-employer caused his bilateral carpal tunnel syndrome. Although plaintiff worked with power tools, the evidence failed to show that there was such force or repetitive motion required as to lead to the development of his bilateral carpal tunnel syndrome.
8. The greater weight of the competent evidence fails to show that plaintiff's bilateral carpal tunnel syndrome was caused or significantly contributed to by his employment with defendant-employer or that plaintiff's job placed him at an increased risk for contracting his bilateral carpal tunnel syndrome as compared to members of the general public not so employed.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
1. Plaintiff failed to prove that his bilateral carpal tunnel syndrome was due to causes and conditions that were characteristic of and peculiar to his employment with defendant-employer or that plaintiff's employment with defendant-employer put him at an increased risk of contracting his bilateral carpal tunnel syndrome as compared to members of the general public not so employed. G.S. 97-53(13); Booker v. Duke MedicalCenter, 297 N.C. 458, 256 S.E.2d 189 (1979).
2. Accordingly, plaintiff is not entitled to compensation under the Act. G.S. 97-53(13).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the Act is DENIED.
2. Each side shall pay their own costs, except that defendants are responsible for the expert witness fees previously assessed.
 S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ _____________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER